UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEANO MITCHELL,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN SOTO,<br><br>    Respondent. | No.  2:14-cv-1438 TLN GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 22, 2014, the district court adopted this court's findings and recommendations, recommending that the petition be dismissed for failure to exhaust state remedies.  Judgment was entered at that time.  On September 8, 2014, petitioner filed a "motion for reconsideration" which the court construes as a motion for relief from judgment under Fed. R. Civ. P. 60(b).

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005).  Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable

1

> neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"Motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the district court." Allmerica Financial Life Insurance and Annuity Company v. Llewellyn,139 F.3d 664, 665 (9th Cir. 1997).

Petitioner explains that he has been hampered in bringing to the court's attention the fact that he has exhausted all of his state remedies because he is a "participant in the Mental Health Services Delivery System (MHSDS) at the Enhanced Outpatient (EOP) level of care, which is "a special program for prisoners who are gravely mentally disable[d]."  Petitioner adds that he has a fourth grade education and has had to rely on jailhouse lawyers.

The attachments to the motion include the first two pages of a petition filed with the Supreme Court of California on May 2, 2014, and that court's denial, filed July 9, 2014.  The instant federal petition was filed on June 16, 2014, and dismissed on August 22, 2014.  Because it now appears from the limited attachments that petitioner has exhausted his state court remedies, his motion for relief should be granted, and this case should proceed.

In accordance with the above, IT IS ORDERED that:  The Clerk of the Court is directed to serve a copy of these findings and recommendations on the Attorney General of the State of California.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for reconsideration, filed September 8, 2014, construed as a motion for relief from judgment pursuant to Rule 60(b), (ECF No. 8), be granted;

2. The order of dismissal and judgment entered August 22, 2014, be vacated; and

3. This action proceed with service of the petition.

/////

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Mitch1438.60b