UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEANO MITCHELL,<br><br>                  Petitioner,<br><br>        v.<br><br>JOHN SOTO,<br><br>                  Respondent. | No.  2:14-cv-1438 TLN GGH P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction entered against him pursuant to a guilty plea on September 1, 1995 in the Sacramento County Superior Court on charges of possession of cocaine base while incarcerated at California State Prison Sacramento. (Answer, Ex. B.)  Petitioner seeks federal habeas relief on the following ground: petitioner's sentence of 25 years to life for possession of crack cocaine is unconstitutional, based on the Three Strikes Reform Act of 2012, also known as Proposition 36.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

<u>BACKGROUND</u>

      Petitioner's sentence for possession of cocaine base in prison, pursuant to a guilty plea, was 25 years to life, based on three strikes legislation in effect at the time.  (ECF No. 29 at 41-

42.) His prior convictions which qualified as strikes were for murder and attempted murder, entered in 1989, also pursuant to a guilty plea, for which petitioner received consecutive terms of 15 years to life, and eight years, respectively. (ECF No. 29 at 7, 8.)

Petitioner filed his first habeas petition with the superior court on May 28, 2013, and it was denied on July 30, 2013. (ECF No. 29 at 46-55.) The court construed the petition as a motion for resentencing pursuant to Cal. Penal Code § 1170.126. The court noted that where the defendant suffered a prior conviction for a serious or violent felony as described in Cal. Penal Code §§ 667(e)(2)(C)(iv), 1170.12(c)(2)(C)(iv), he is ineligible for resentencing. Section 667(e)(2)(C)(iv)(IV) specifically prevents resentencing where a prior felony conviction was for any homicide or attempted homicide. Therefore, the court held that since petitioner had one[1] such prior conviction, he was ineligible for resentencing. (ECF No. 29 at 54.)

Petitioner filed his next habeas petition on August 27, 2013, with the California Court of Appeal, Fifth Appellate District, which denied the claim without prejudice to its re-filing with the Third District Court of Appeal on September 19, 2013. (ECF No. 58-64, 69.) Instead of filing his petition with the Third District Court of Appeal, petitioner next filed his petition with the state supreme court on October 10, 2013. (ECF No. 71-77.) It was denied without comment or citation on January 15, 2014. (Id. at 83.) Petitioner then filed the same petition a second time with the California Supreme Court on May 2, 2014. (Id. at 85-91.) It was denied on July 9, 2014, with a citation to In re Miller, 17 Cal.2d 734, 735 (1941).[2] (Id. at 97.)

On June 16, 2014, petitioner filed the instant federal habeas petition in this court. The petition was first dismissed at the screening stage for failure to exhaust; however, after judgment was entered, petitioner filed a motion which the court construed as one for relief from judgment under Fed. R. Civ. P. 60(b). That motion was granted on October 6, 2014 because it appeared from petitioner's filings that the petition was exhausted.

////

---

[1] Petitioner actually had two such prior convictions. (ECF No. 29 at 7-8.)
[2] Miller prohibits successive petitions raising the same grounds set forth in previous petitions without a change in the facts or law.

2

DISCUSSION

I.   AEDPA Standards

The ADPA standards do play a role in this case insofar as petitioner's Eighth Amendment claim is concerned. They are as follows: The statutory limitations of federal courts' power to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As a preliminary matter, the Supreme Court has recently held and reconfirmed "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Harrington v. Richter, 131 S.Ct. 770, 785 (2011).

Rather, "when a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 784-785, citing Harris v. Reed, 489 U.S. 255, 265, 109 S.Ct. 1038 (1989) (presumption of a merits determination when it is unclear whether a decision appearing to rest on federal grounds was decided on another basis). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." Id. at 785.

The Supreme Court has set forth the operative standard for federal habeas review of state court decisions under AEDPA as follows: "For purposes of § 2254(d)(1), 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" Harrington, supra, 131 S.Ct. at 785, citing Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495 (2000). "A

3

state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. at 786, citing Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140 (2004).

Accordingly, "a habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. "Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.'" Id. Emphasizing the stringency of this standard, which "stops short of imposing a complete bar of federal court relitigation of claims already rejected in state court proceedings[,]" the Supreme Court has cautioned that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id., citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166 (2003).

The undersigned also finds that the same deference is paid to the factual determinations of state courts. Under § 2254(d)(2), factual findings of the state courts are presumed to be correct subject only to a review of the record which demonstrates that the factual finding(s) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." It makes no sense to interpret "unreasonable" in § 2254(d)(2) in a manner different from that same word as it appears in § 2254(d)(1) – i.e., the factual error must be so apparent that "fairminded jurists" examining the same record could not abide by the state court factual determination. A petitioner must show clearly and convincingly that the factual determination is unreasonable. See Rice v. Collins, 546 U.S. 333, 338, 126 S.Ct. 969, 974 (2006).

The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002). Specifically, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond

4

any possibility for fairminded disagreement." Harrington, supra, 131 S.Ct. at 786-787. "Clearly established" law is law that has been "squarely addressed" by the United States Supreme Court. Wright v. Van Patten, 552 U.S. 120, 125, 128 S.Ct. 743, 746 (2008). Thus, extrapolations of settled law to unique situations will not qualify as clearly established. See e.g., Carey v. Musladin, 549 U.S. 70, 76, 127 S.Ct. 649, 653-54 (2006) (established law not permitting state sponsored practices to inject bias into a criminal proceeding by compelling a defendant to wear prison clothing or by unnecessary showing of uniformed guards does not qualify as clearly established law when spectators' conduct is the alleged cause of bias injection). The established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. 3, 9, 123 S. Ct. 362, 366 (2002).

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early, supra, 537 U.S. at 8, 123 S.Ct. at 365. Where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

Finally, if the state courts have not adjudicated the merits of the federal issue, no AEDPA deference is given; the issue is reviewed *de novo* under general principles of federal law. Stanley v. Cullen, 633 F.3d 852, 860 (9th Cir. 2012). However, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, 133 S.Ct. 1088, 1091 (2013).

II. Analysis

    A. Exhaustion

Respondent first argues that the petition was not fairly presented to the state courts and therefore the California Supreme Court could not reach the merits. This is so, respondent

1    contends, because the appellate court directed petitioner to refile his petition in a different district,
2    and the supreme court is presumed to have adopted that rationale, citing <u>Ylst v. Nunnemaker</u>, 501
3    U.S. 797, 803 (1991).  Thus, respondent contends, the petition is not exhausted.
4         It is true that only the superior court addressed the merits in its opinion.  Assuming
5    respondent is correct and the briefing before the state supreme court were to be interpreted as
6    merely affirming the court of appeals' order directing petitioner to file his petition with a different
7    district, the court in any event may deny an unexhausted claim on the merits without regard to a
8    petitioner's failure to exhaust.  28 U.S.C. § 2254(b)(2); <u>Cassett v. Stewart</u>, 406 F.3d 614, 624 (9th
9    Cir.2005) (holding that an unexhausted petition may be denied on the merits when it is perfectly
10   clear that the applicant does not raise even a colorable federal claim).  Because it is clear in this
11   case that petitioner has not raised a colorable federal claim, this court will proceed to the merits.
12         B.   Resentencing Under Three Strikes Reform Act
13         Here, the claim that petitioner's sentence should be reduced based on the Three Strikes
14   Reform Act of 2012 is not colorable.  A writ of habeas corpus is available under 28 U.S.C. §
15   2254(a) only on the basis of some transgression of federal law binding on the state courts.
16   <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985); <u>Gutierrez v. Griggs</u>, 695 F.2d 1195,
17   1197 (9th Cir. 1983).  It is unavailable for alleged error in the interpretation or application of state
18   law.  <u>Middleton v. Cupp</u>, 768 F.2d at 1085; <u>see</u> <u>also</u> <u>Lincoln v. Sunn</u>, 807 F.2d 805, 814 (9th Cir.
19   1987); <u>Givens v. Housewright</u>, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be
20   utilized to try state issues de novo.  <u>Milton v. Wainwright</u>, 407 U.S. 371, 377, 92 S. Ct. 2174,
21   2178 (1972).
22         The Supreme Court has reiterated the standards of review for a federal habeas court.
23   <u>Estelle v. McGuire</u>, 502 U.S. 62, 112 S. Ct. 475 (1991).  In <u>Estelle v. McGuire</u>, the Supreme
24   Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted
25   federal habeas relief.  The Court held that the Ninth Circuit erred in concluding that the evidence
26   was incorrectly admitted under state law since, "it is not the province of a federal habeas court to
27   reexamine state court determinations on state law questions."  <u>Id.</u> at 67-68, 112 S. Ct. at 480.  The
28   Court re-emphasized that "federal habeas corpus relief does not lie for error in state law."  <u>Id.</u> at

1   67, 112 S. Ct. at 480, citing Lewis v. Jeffers, 497 U.S. 764, 110 S. Ct. 3092, 3102 (1990), and
2   Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75 (1984) (federal courts may not grant
3   habeas relief where the sole ground presented involves a perceived error of state law, unless said
4   error is so egregious as to amount to a violation of the Due Process or Equal Protection clauses of
5   the Fourteenth Amendment).

6         The Supreme Court further noted that the standard of review for a federal habeas court "is
7   limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United
8   States (citations omitted)." Id. at 68, 112 S. Ct. at 480.  The Court also stated that in order for
9   error in the state trial proceedings to reach the level of a due process violation, the error had to be
10  one involving "fundamental fairness," Id. at 73, 112 S. Ct. at 482, and that "we 'have defined the
11  category of infractions that violate "fundamental fairness" very narrowly.'" Id. at 73, 112 S. Ct.
12  at 482.  Habeas review does not lie in a claim that the state court erroneously allowed or excluded
13  particular evidence according to state evidentiary rules.  Jammal v. Van de Kamp, 926 F.2d 918,
14  919 (9th Cir. 1991).  As more recently re-emphasized by the Supreme Court, "'a mere error of
15  state law ... is not a denial of due process.'"  Rivera v. Illinois, 556 U.S. 148, 129 S. Ct. 1446,
16  1454 (2009) (quoting Engle v. Isaac, 456 107, 121, n. 21, 102 S. Ct. 1558 [] (1982)).

17        Applying these principles in federal habeas proceedings, the Ninth Circuit Court of
18  Appeals has specifically refused to consider alleged errors in the application of state sentencing
19  law.  See, e .g., Miller v. Vasquez, 868 F.2d 1116 (9th Cir.1989).  Thus, in Miller, the court
20  refused to examine the state court's determination that a defendant's prior conviction was for a
21  "serious felony" within the meaning of the state statutes governing sentence enhancements. Id. at
22  1118–19.  The court did not reach the merits of the petitioner's claim, stating that federal habeas
23  relief is not available for alleged errors in interpreting and applying state law.  Id.  (quoting
24  Middleton, 768 F.2d at 1085).

25        Whether or not a prior conviction properly constitutes a "serious" or "violent" felony, as
26  that term is defined in California's Three Strikes Law, involves interpretation of state sentencing
27  law.  Federal courts are "bound by a state court's construction of its own penal statutes," Aponte
28  v. Gomez, 993 F.2d 705, 707 (9th Cir.1993), and this court must defer to the California courts'

1    interpretation of the California Three Strikes Law unless its interpretation is "untenable or
2    amounts to a subterfuge to avoid federal review of a constitutional violation." Oxborrow v.
3    Eikenberry, 877 F.2d 1395, 1399 (9th Cir.1989.)  There is no such evidence here.  The court finds
4    the discussion in Nelson v. Biter, 33 F.Supp. 3d 1173 (C.D. Cal. 2014) to be persuasive of the
5    precise state law "Three Strikes" issue involved here.

6         The superior court applied the law to conclude that petitioner's prior convictions were
7    serious or violent felonies, and were in fact enumerated felonies excludable from consideration
8    for resentencing under Cal. Penal Code § 1170.126, as defined by Cal. Penal Code §
9    667(e)(2)(C)(iv)(IV) (any homicide or attempted homicide is excluded from resentencing).
10   Because petitioner was ineligible for resentencing, no further analysis was required.  See Hawkins
11   v. Soto, 2015 WL 631957, at *3 (C.D. Cal. Feb. 12, 2015) (finding that discretionary factors in
12   section 1170.126 do not come into play where offense is a violent one).  Federal courts in
13   California are bound by the state courts' conclusion that petitioner is precluded from relief under
14   section 1170.126.  Id., *citing* Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

15        Petitioner might contend that due process or equal protection requires the retroactive
16   application of state sentencing law when it would benefit him.  However, no Supreme Court case
17   stands for that proposition, and in fact, Wainwright v. Stone, 414 U. S. 21, 23-24 (1973) is cited
18   for the opposite proposition that the "Constitution 'has no voice on the subject,'" of the
19   retroactive application of state law, including judicial decisions. See Henry v. Ricks, 578 F.3d
20   134, 141 (2nd Cir. 2009).  See also Warden, Lewisburg etc. v. Manero, 417 U.S. 653, 664, 94
21   S.Ct. 2352 (1974), finding that no constitutional limits were transgressed by petitioner's non-
22   eligibility for parole despite a later statute passed after petitioner's conviction which allowed
23   parole eligibility for defendants who had committed the offense for which petitioner was
24   convicted.

25        As the state courts committed no sentencing error, and certainly not one that was
26   fundamentally unfair, petitioner's constitutional rights were not violated.
27   /////
28   /////

C. Eighth Amendment

Petitioner also argues that his sentence of twenty-five years to life under the Three Strikes Law constitutes cruel and unusual punishment, in violation of the Eighth Amendment. (ECF No. 1 at 3-4.) Although petitioner did raise this claim before the state courts, (ECF No. 29 at 46-52, 58-64, 71-77), the superior court construed his habeas petition as a motion for resentencing, and did not address the Eighth Amendment issue. (Id. at 54-55.)

Petitioner contends that the sentence, ostensibly initially imposed in accordance with Eighth Amendment principles, has become violative of that Amendment because of the kinder, more gentle, Three Strikes state law now in effect. This is nothing more than a state law retroactivity argument dressed in a different constitutional principle than due process or equal protection. As such, it meets the same fate as did the afore discussed claims in the previous section. However, even assuming that one could review petitioner's sentence under current Eighth Amendment jurisprudence in the context of a less stringent Three Strikes law, and even further assuming that the court would review the issue *de* novo in this habeas petition because of no decision on the federal claim in state court, that argument would fail as well.

The United States Supreme Court has held that the Eighth Amendment includes a "narrow proportionality principle" that applies to terms of imprisonment. See Harmelin v. Michigan, 501 U.S. 957, 996, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring). See also Taylor v. Lewis, 460 F.3d 1093, 1097 (9th Cir. 2006). However, the precise contours of this principle are unclear, and successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289–90, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). See also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir.2004). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin, 501 U.S. at 1001 (Kennedy, J., concurring) (*citing* Solem v. Helm). Thus, in Lockyer v. Andrade, the United States Supreme Court held that it was not an unreasonable application of clearly established federal law for the California Court of Appeal to affirm a "Three Strikes" sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior conviction involving

9

theft of $150.00 worth of videotapes. Andrade, 538 U.S. at 75. In Ewing v. California, 538 U.S. 11, 29, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), the Supreme Court held that a "Three Strikes" sentence of 25 years-to-life in prison imposed on a grand theft conviction involving the theft of three golf clubs from a pro shop was not grossly disproportionate and did not violate the Eighth Amendment.

In assessing the compliance of a non-capital sentence with the proportionality principle, a reviewing court must consider "objective factors" to the extent possible. Solem, 463 U.S. at 290. Foremost among these factors are the severity of the penalty imposed and the gravity of the offense. "Comparisons among offenses can be made in light of, among other things, the harm caused or threatened to the victim or society, the culpability of the offender, and the absolute magnitude of the crime." Taylor, 460 F.3d at 1098.[3]

In Harmelin, the Supreme Court concluded that a mandatory life sentence without parole for the first offense of possession of more than 650 grams of cocaine was not so disproportionate as to constitute cruel and unusual punishment. 501 U.S. at 1008-09. See also Hutto v. Davis, 454 U.S. 370, 374-75 (1982) (per curiam) (affirming non-recidivist sentence of two consecutive 25 year prison terms for possession of nine ounces of marijuana and distribution of marijuana); Taylor v. Lewis, 460 F.3d 1093, 1101–02 (9th Cir.2006) (holding that Eighth Amendment not

---

[3] As noted in Taylor, the United States Supreme Court has also suggested that reviewing courts compare the sentences imposed on other criminals in the same jurisdiction, and also compare the sentences imposed for commission of the same crime in other jurisdictions. 460 F.3d at 1098 n. 7. However,

> consideration of comparative factors may be unnecessary; the Solem Court "did not announce a rigid three-part test." *See Harmelin*, 501 U.S. at 1004, 111 S.Ct. 2680, 115 L.Ed.2d 836 (Kennedy, J., concurring). Rather, "intrajurisdictional and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Id.* at 1004–05, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836; *see also Rummel v. Estelle*, 445 U.S. 263, 282, 100 S.Ct. 1133, 63 L.Ed2d 382 (1980) ("Absent a constitutionally imposed uniformity inimical to traditional notions of federalism, some State will always bear the distinction of treating particular offenders more severely than any other State.").

Id.

1  violated where petitioner with prior offenses involving violence was sentenced to 25 years to life
2  for possession of .036 grams of cocaine base).

3  Here, petitioner was sentenced to twenty-five years to life for possession of cocaine base
4  while in prison, with a finding that he had previously suffered prior serious felony convictions.
5  This sentence is similar to that of the defendants in Andrade and Harmelin, and allows for the
6  possibility of parole. See Andrade, 538 U.S. at 74; Taylor, 460 F.3d at 1098 (holding that
7  eligibility for parole, even after 25 years, made California Three Strikes sentence "considerably
8  less severe than the one invalidated in Solem ").

9  Furthermore, petitioner's history of two convictions for serious and violent felonies
10 warrants his lengthy sentence for possession of cocaine in prison. See Crosby v. Schwartz, 678
11 F.3d 784, 794 (9th Cir. 2012) (taking violent nature of prior offenses into account in gross
12 disproportionality analysis).

13 In light of the Harmelin decision, as well as the decisions in Andrade and Ewing, which
14 imposed sentences of twenty-five years to life for petty theft convictions, and Crosby, which
15 imposed a sentence of twenty-six years to life for failing to register as a sex offender after a
16 change of address, the sentence imposed on petitioner is not grossly disproportionate.  Because
17 petitioner does not raise an inference of gross disproportionality, this court need not compare
18 petitioner's sentence to the sentences of other defendants in other jurisdictions.

19 For the aforementioned reasons, and in light of controlling authority, petitioner's sentence
20 does not violate the Eighth Amendment whether or not one views the sentence in the context of
21 the less stringent Three Strikes law.  Accordingly, this ground for relief should be denied.

22 CONCLUSION

23 For all of the foregoing reasons, the petition should be denied.  Pursuant to Rule 11 of the
24 Federal Rules Governing Section 2254 Cases, the court must issue or deny a certificate of
25 appealability when it enters a final order adverse to the applicant.  A certificate of appealability
26 may issue only "if the applicant has made a substantial showing of the denial of a constitutional
27 right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations,
28 a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 10, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Mitc1438.hc